**Florencio MERCED ROSA, etc.,**
**Plaintiff, Appellant,**

**v.**

**Blas C. HERRERO, Jr., etc., Defendants,**
**Appellees.**

**No. 7444.**

United States Court of Appeals,
First Circuit.

Heard Feb. 6, 1970.
Decided March 25, 1970.

---

Frederick H. Cohn, New York City, with whom Roberto Maldonado, San Juan, P. R., Olaguibeet A. Lopez Pacheco, Rio Piedras, P. R., and Lefcourt, Garfinkle, Crain, Cohn, Sandler & Lefcourt, New York City, were on brief, for appellant.

Robert V. Zener, Atty., Department of Justice, with whom William D. Ruckelshaus, Asst. Atty. Gen., Blas C. Herrero, Jr., U. S. Atty., Morton Hollander and Robert E. Kopp, Attys., Department of Justice, were no brief, for appellees.

Before ALDRICH, Chief Judge, and McENTEE, Circuit Judge.

ALDRICH, Chief Judge.

■ Plaintiff Merced Rosa, having failed to report for induction, was indicted under the Selective Service Act, 50 U.S.C.App. §§ 454, 462(a). Following two years of preliminary matters, two days before the date assigned for trial he filed the present suit seeking the appointment of a three-judge district court under 28 U.S.C. § 2282 to obtain a declaratory judgment and to enjoin his prosecution, alleging various infringements of his constitutional rights. The district judge with, possibly, oversolicitude,[1] requested the chief judge to con-

---

1. We do not adopt the request-unless-no-doubt-at-all standard voiced by Chief Judge Brown in Jackson v. Choate, 5 Cir., 1968, 404 F.2d 910, 912. The opinion of Chief Judge Biggs in Miller v. Smith, E.D.Pa., 1965, 236 F.Supp. 927, demonstrates to our satisfaction that in determining whether the complaint alleges a case appropriate for a three-judge court the district judge performs a judicial, as distinguished from a ministerial, function. Accordingly, he must ascertain that the request possesses a reasonable degree of legal merit. Should he conclude it does not, it is al-

vene a three-judge court and one was accordingly, constituted.[2] After a hearing, the three-judge court dismissed the complaint for want of equity, without reaching the constitutional issues, and the single district judge did likewise, adopting the opinion of the three-judge court as his own.

If there were originally any question whether plaintiff's appeal lay exclusively to this court, but *cf.* Mengelkoch v. Industrial Welfare Commission, 1968, 393 U.S. 83, 89 S.Ct. 60, 21 L.Ed. 2d 215, it no longer exists. *See* D. Currie, Appellate Review of the Decision Whether or Not to Empanel a Three-Judge Federal Court, 37 U.Chi.L.Rev. 159 (1969). Shortly before the appeal was to be heard, the Supreme Court decided Gutknecht v. United States, 1970, 396 U.S. 295, 90 S.Ct. 506, 24 L.Ed.2d 532, and in the light of that decision the government concluded that plaintiff's indictment must be dismissed. It so notified him, just before oral argument, and the case was argued on the assumption that the dismissal was an accomplished fact. Hence plaintiff no longer seeks an injunction, but only a declaratory judgment. This is a single judge matter. Kennedy v. Mendoza-Martinez, 1963, 372 U.S. 144, 83 S.Ct. 554, 9 L.Ed.2d 644. Indeed, we do not understand the basis of plaintiff's present contention that, if his appeal is upheld, the case should be sent back for determination by three judges.

In view of this change of circumstance, the first question is mootness. A petition for a declaratory judgment is no exception to the rule that mootness is to be judged at the present moment, not as of the date of the filing of the complaint. Golden v. Zwickler, 1969, 394 U.S. 103, 89 S.Ct. 956, 22 L.Ed.2d 113. The present situation is this. Plaintiff is a member of the Puerto Rico "Independentista" party, and the president of a political organization, the Federacion de Universitarios Pro Independencia. He asserts that his right of free speech on political matters relating to the Selective Service Act is chilled until it is declared that the Act cannot constitutionally apply to conscientious objectors whose objections are to particular wars, that is, to selective conscientious objectors. Plaintiff says that the reason for his delay in commencing suit was that he was awaiting respectable judicial support for this argument, which came in the form of United States v. Sisson, D. Mass., 1969, 297 F.Supp. 902, now under consideration by the Supreme Court. As an excuse for a delay in seeking declaratory relief, we find this reasoning singularly unpersuasive. The travel of the *Sisson* case to the Supreme Court seems precisely a reason for *not* duplicating the decisional process.

Plaintiff points out, and we recognize, that *Sisson* may not be decided on the merits. Even should that occur, we are not impressed with the basis for plain-

ways open to the plaintiff to appeal. Benoit v. Gardner, 1 Cir., 1965, 351 F. 2d 846. In addition to our reading that the statute so requires, we believe that this procedure is time-saving rather than the reverse, provided that the court of appeals is prepared to treat such appeals with expedition. This may be accomplished under Local Rule 5. *Cf.* Magnesium Casting Co. v. Hoban, 1 Cir., 1968, 401 F.2d 516, cert. denied 393 U.S. 1065, 89 S.Ct. 720, 21 L.Ed.2d 708.

2. The opinion in *Miller, supra,* spends little time in concluding that the duty of the chief judge is as judicial as that of the district judge. The writer of the present opinion, speaking as one charged with this duty, believes that the argument of interrelation of the two sections of the statute which Chief Judge Biggs found to give judicial discretion to the district judge, cannot be applied to the provision relating to the chief judge, and that once the request has been formally made, the chief judge's duty is solely ministerial. There is reason for this. It is the district judge's case, 28 U.S.C. § 2284(1), whereas unless the chief judge designates himself, his contact with the case is ephemeral. The three-judge court itself, of course, may subsequently determine that it should not have been constituted.

tiff's procedure. During argument we sought to explore the double-headed issue of standing and the existence of a justiciable controversy. *Cf.* Association of Data Processing Service Organizations, Inc. v. Camp, 1970, 396 U.S. 150, 90 S.Ct. 827, 25 L.Ed.2d 184; Barlow v. Collins, 1970, 396 U.S. 159, 90 S.Ct. 832, 25 L.Ed.2d 192. Plaintiff made a general answer. He conceded that not everyone could obtain a declaratory judgment as to the constitutionality of a criminal statute, but said that the removal of the chilling effect upon the right of free speech of persons like himself, who wish to advocate disobedience of the statute, is of paramount importance. It is enough, he says, that he can "demonstrably show in his complaint in good faith that he has taken such action and intends to continue it."

Plaintiff cites no case supporting this broad proposition. It is directly contradicted by United Public Workers of America v. Mitchell, 1947, 330 U.S. 75, 67 S.Ct. 556, 91 L.Ed. 754.[3] Indeed, plaintiff has even less nexus. In *Mitchell* the plaintiffs alleged that, in the exercise of their rights of free speech, they wanted to violate the Hatch Act. The Court said, at p. 90, 67 S.Ct. at p. 564,

> "We can only speculate as to the kinds of political activity the appellants desire to engage in or as to the contents of their proposed public statements or the circumstances of their publication."

In the case at bar, plaintiff's proposed advocacy may well not violate the Selective Service Act at all. *Cf.* United States v. Spock, 1 Cir., 1969, 416 F.2d 165.

█ Even if we could disregard the teaching of *Mitchell*, and assume that plaintiff proposes to violate the act in the most definite manner, we do not quarrel with the district court's unwillingness to grant relief, where plaintiff concedes, as he must, that the govern-

mental authorities are acting in good faith. *See* Douglas v. City of Jeannette, 1943, 319 U.S. 157, 163, 63 S.Ct. 877, 87 L.Ed. 1324. This is not a case where the defect, if any, in the statute is the possibility of deliberate, or even unintentional, abuse from its susceptibility to an overbroad construction. *Cf.* Dombrowski v. Pfister, 1965, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22. The statute is plain. Plaintiff, if he wishes to engage in speech, must have the willingness to take his chances.

Affirmed.

---

3. We except plaintiff Poole in the *Mitchell* case from this statement. Poole had not only actually committed the proscribed

act, but he had no remedy other than a civil suit of some character.