Zobe and Carrie Mae **CHELEY** et al., Plaintiffs, for themselves and all others similarly situated,

v.

William **BURSON**, Director of the Georgia Department of Family and Children Services, Gilbert Dulaney, Director of the Fulton County Department of Family and Children Services, Vance Faircloth, Director of the Appling County Department of Family and Children Services, Mary Lou Hensley, Director of the Candler County Department of Family and Children Services, Christine G. Dorsett, Director of the Carrol County Department of Family and Children Services, Margaret Rhodes, Director of the Taliaferro County Department of Family and Children Services, Defendants, in their official capacities and personally.

Mrs. Louella M. **HELLER** on behalf of herself and all other persons similarly situated, Plaintiff,

v.

William **BURSON**, Director of the Georgia Department of Family and Children Services, Defendant.

Civ. A. Nos. 13093, 13276.

United States District Court, N. D. Georgia, Atlanta Division.

Feb. 23, 1971.

Frederic S. LeClerq, Atlanta, Ga., for plaintiffs.

Arthur K. Bolton, State Atty. Gen., Robert J. Castellani & W. Wheeler Bryan, Asst. State Attys. Gen., Atlanta, Ga., for defendants.

## OPINION AND ORDER

Before BELL, Circuit Judge, and HOOPER and HENDERSON, District Judges.

### PER CURIAM:

These two cases were consolidated for hearing and decision. They involve the validity of certain eligibility factors in the Aid to Families with Dependent Children program (AFDC), as effectuated in Georgia. Plaintiffs moved for summary judgment. The state, on behalf of defendants, moved to dismiss for failure to state a claim upon which relief could be granted.

Plaintiff Heller is a welfare recipient whose family includes three children who are about to be or have been removed from the family's AFDC grant, due to Georgia Code Ann. § 99–902 which limits eligibility for AFDC to children under 18 years of age.[1] The enabling federal statute defining eligibility, 42 U.S.C.A. § 606(a), gives the option to the states whether to cut off eligibility at 18 years, or at age 21 if the child is still in school.[2]

---

1. Section 99–902:

"'Dependent child' means a needy child under the age of 18 years, who is in attendance in a public school, private school or vocational school or who, due to disability or illness, is unable to attend school and who has been deprived of parental support or care by reason of the death, continued absence from the home, or physical or mental incapacity of a parent, and whose relatives are not able to provide adequate care and support of such child without public assistance, and who is living with his father, mother, grandfather, grandmother, brother, sister, stepfather, stepmother, stepbrother, stepsister, uncle, or aunt, in a place of residence maintained by one or more of such relatives as his or their own home: Provided, however, that in the event a child receiving assistance ceases to live with one of the relatives specified above due to the death of such relative or other emergency, the child's status as a dependent child shall continue for a temporary period during such emergency: Provided, further, the term 'dependent child' shall also include a child who otherwise meets the criteria of the definition of a dependent child except for his removal from the home of a relative specified in the law as a result of a judicial determination to the effect that continued living therein would be detrimental to the welfare of the child, for whose placement and care the Department of Family and Children Services is responsible, and who has been placed in a foster family home as a result of such determination, and who received aid to dependent children for the month in which court proceedings leading to such determination were initiated."

2. 42 U.S.C.A. § 606:

"(a) The term 'dependent child' means a needy child (1) who has been

Plaintiffs Cheley, et al., are poor people who are ineligible for AFDC because they do not meet the additional criteria of Ga.Code Ann. § 99–902 (and 42 U.S.C.A. § 606(a)), which limit deprivation of parental support entitling persons to AFDC benefits to deprivations "by reason of death, continued absence from the home or physical or mental incapacity of a parent  *  *  * " and which establishes the so-called degree of relationship requirement. These plaintiffs fall into two categories: underemployed persons whose homes are intact; and non-relatives supporting otherwise eligible children.

All plaintiffs seek injunctive relief enjoining defendants from enforcing Ga. Code Ann. § 99–902 and regulations pursuant thereto to the extent that they in the above manner exclude dependent children from AFDC eligibility. Jurisdiction of this court is premised on 28 U.S.C.A. § 1343(3) and 42 U.S.C.A. § 1983. Plaintiffs attack the above eligibility factors on the ground that they are inconsistent with 42 U.S.C.A. § 601, the general policy declaration that AFDC was established for "the purpose of encouraging the care of dependent children in their own homes  *  *  *" and "to help maintain and strengthen family life  *  *  *", and that they violate the equal protection clause of the Fourteenth Amendment.

The United States Supreme Court in Dandridge v. Williams, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491, dealt with the Maryland maximum grant regulation, which placed a ceiling on the amount an eligible AFDC family could receive. The court upheld the state regulation in the face of claimed statutory and equal protection violations. Fundamental to that decision is an implicit judgment as to the validity of the AFDC program's basic eligibility requirements. In doing so, the court referred to its earlier decision of King v. Smith, 1968, 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118:

> "In King v. Smith, supra, we stressed the States' 'undisputed power' under these provisions of the Social Security Act, 'to set the level of benefits and the standard of need.'  *  *  * We described the AFDC enterprise as 'a scheme of cooperative federalism,'  *  *  * and noted carefully that, '[t]here is no question that States have considerable latitude in allocating their AFDC resources, since each State is free to set its own standard of need and to determine the level of benefits by the amount of funds it devotes to the program.'" 397 U.S. at 478, 90 S.Ct. at 1158.

The court mentioned that "the starting point of the statutory analysis must be a recognition that the federal law gives each State great latitude in dispensing its available funds." 397 U.S. at 478, 90 S.Ct. at 1158.

■ The basic premise of *King* and *Dandridge* is that the eligibility requirements of § 606(a) are both consistent with the general policy statement of § 601 (to furnish assistance "as far as practicable under the conditions in such State"), and valid as a determination of Congressional policy. *Dandridge* tangentially approves that part of § 606(a) (and Ga.Code Ann. § 99–902), which limits eligibility to those dependent children living with relatives in the specified degree. Thus, the degree of relationship requirement of the Georgia

---

deprived of parental support or care by reason of the death, continued absence from the home, or physical or mental incapacity of a parent, and who is living with his father, mother, grandfather, grandmother, brother, sister, stepfather, stepmother, stepbrother, stepsister, uncle, aunt, first cousin, nephew, or niece, in a place of residence maintained by one or more of such relatives as his or their own home, and (2) who is (A) under the age of eighteen, or (B) under the age of twenty-one and (as determined by the State in accordance with standards prescribed by the Secretary) a student regularly attending a school, college, or university, or regularly attending a course of vocational or technical training designed to fit him for gainful employment;"

statute as it is here in issue is also valid.

 Plaintiffs Cheley and Thomas also attack that part of the statute which limits eligibility to those children who have been deprived of parental support by reason of death, continued absence or incapacity of the parent. These plaintiffs are members of that class known as the "working poor". Children in these parental intact families are deprived of AFDC benefits because the family has a breadwinner who supports the family although at a level below the state-defined level of subsistence. By way of a commentary on the welfare system, it is an inexplicable anomaly that those who work are denied benefits even when their income is less than the sums nonworking recipients receive under AFDC. They nevertheless fall outside of the statutory class. Section 606(a), supra. Congress has gone so far as to include children of unemployed persons under the program, 42 U.S.C.A. § 607, but has not seen fit to make the children of the underemployed eligible for AFDC. The inequity in the system is emphasized here by the fact that the maximum Georgia allowance under the AFDC program is $164.00 per month while the income of plaintiffs Cheley and Thomas, residents of rural Georgia, is much less. Any national or state policy of encouraging persons to work is substantially denigrated by such a system but plaintiffs are nevertheless ineligible for AFDC benefits under the federal statute, as well as the state statute.

The statutory attack of Heller on the eligibility factor defining "dependent child" as a child being under the age of eighteen must also fail. 42 U.S.C.A. § 606(a) provides the state with the choice either to cut off a child's grant when he or she reaches age eighteen or to continue the grant until the child reaches age 21 if in school. Georgia has elected to cut off AFDC benefits when the child reaches age eighteen. Since federal law provides the state with this alternative, there is no inconsistency with the federal statute.

Plaintiffs' constitutional attacks, based on the equal protection clause are also without merit. Dandridge v. Williams, 397 U.S. at 483–487, 90 S.Ct. 666, 25 L.Ed.2d 491. The attack on 42 U.S.C.A. § 606(a), is rejected for want of a federal party. Plaintiffs' motions for summary judgment are denied, and defendants' motions to dismiss are granted. Defendants may present a judgment accordingly with notice to counsel for plaintiffs.