**UNITED LOW INCOME, INC., et al.,**
**Plaintiffs, Appellants,**

v.

**Dean FISHER, M.D., Individually and in his capacity as Commissioner of Health and Welfare for the State of Maine, et al., Defendants, Appellees.**

**No. 72–1138.**

United States Court of Appeals,
First Circuit.

Argued Sept. 13, 1972.

Decided Dec. 29, 1972.

Hugh Calkins, Portland, Me., with whom Susan Calkins and Robert Edmond Mittel, Portland, Me., were on brief, for plaintiffs, appellants.

Eugene W. Murray, Asst. Atty. Gen., with whom Ronald J. Cullenberg, Asst. Atty. Gen., was on brief, for defendants, appellees.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

## PER CURIAM.

The appellants [1] in this class action have sought a declaratory judgment and an injunction restraining the Commissioner of the Maine State Department of Health and Welfare from terminating welfare (AFDC–U) and Medicaid benefits previously granted to families with unemployed fathers.

The State of Maine, in 1969, had elected to broaden its Aid to Families with Dependent Children (AFDC) Program so as to include provision for payments on behalf of needy children deprived of support or care by reason of their father's unemployment. In so doing, Maine took advantage of a 1961 amendment to Title IV of the Social Security Act of 1935

---

1. The members of United Low Income, Inc., a Maine non-profit corporation, are persons with low income interested in protecting the rights of Maine welfare recipients. The individual appellants are members of a class composed of parents with dependent children who have been receiving Aid to Families with Dependent Children under Maine's unemployed fathers program (AFDC–U) and related Medicaid benefits, and who were advised that both types of assistance would be terminated as of July 1, 1971. Jurisdiction is asserted under the Civil Rights Act (28 U.S.C. § 1343(3) and 42 U.S.C. § 1983); also under 28 U.S.C. §§ 1331, 1337, and 2201–2. *See Bass v. Rockefeller,* 331 F.Supp. 945, 949–952 (S.D. N.Y.1971).

(the Act), 42 U.S.C. §§ 601–44, which permitted states, optionally, to so enlarge AFDC coverage. Under the original Act, the states could pay AFDC only on behalf of needy children deprived of parental support or care by reason of the death, continued absence from home, or physical or mental incapacity of a parent. 42 U.S.C. § 606. By 1968, fewer than one-half of the states had adopted the AFDC–U option, 42 U.S.C. § 607, although all provided the more restricted AFDC coverage authorized by the Act originally. *See* King v. Smith, 392 U.S. 309, 318, n. 13, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968).

Maine's 1969 enlargement of AFDC to include families with unemployed fathers had the effect of bringing those families under Medicaid. The latter was another program, funded jointly by the federal government and the participating state, in which Maine participated. Title XIX of the Act, 42 U.S.C. § 1396 et seq.; 22 M.R.S.A. §§ 3301–3453.

The present dispute arose after the Maine Legislature in June of 1971 had enacted, and the governor had approved, a Supplemental Appropriations Act for the fiscal years ending June 30, 1972 and June 30, 1973, deleting from the 1971–72 appropriations a total of $600,-000, with the following explanation:

> It is the intent of the legislature that by decreasing this appropriation the Department of Health and Welfare shall abolish the unemployed father grant in the AFDC Program during the next biennium. (L.D. 1811; P. & S.L. Me. (1971) ch. 117.)

Pursuant to that directive, as the district court found, the defendant Commissioner notified the members of the plaintiff class that both their AFDC–U and Medicaid benefits were to be terminated as of July 1, 1971. The defendant also filed, and HEW has approved, a modified Title IV [AFDC] plan deleting the AFDC–U program.

The appellants assert that to cut off aid for needy children whose needs result from their father's unemployment, while aiding those whose needs result from their father's death, absence or incapacity, is to deny equal protection under the Fourteenth Amendment.[2]

In its pre-trial report and order, the district court expressed doubt, for reasons unstated, that the action was one requiring the convening of a three-judge court as plaintiffs had requested. Noting that defendant's counsel had stated a preference for a single-judge court, and "without objection from plaintiffs' counsel," the court denied the request for a three-judge court. The case being thereafter submitted on a stipulation of facts, the district court denied plaintiffs' equal protection claim, United Low Income, Inc., et al. v. Dean Fisher, M.D., etc., 340 F.Supp. 150 (D.Me.1972), and entered judgment dismissing the complaint with prejudice and without costs.

We requested the district court to file a memorandum setting forth its reasons for refusing to convene a three-judge court. In response, the district court indicated that there were three reasons: (a) the parties expressly waived a three-judge court; (b) for the reasons set forth in its opinion and order dated March 20, 1972, it did not consider plaintiffs' constitutional claims to be substantial; and (c) the plaintiffs did not challenge as unconstitutional any state statute or administrative order made pursuant to a state statute.

We have at least serious doubts about the sufficiency of grounds (a) and (c). However, we need not reach these issues, since we hold that the district court correctly declined reference to a three-judge court on the basis of ground (b).

2. Appellants had originally presented us with two statutory arguments involving the Medicaid benefits based upon Sections 1902(d) and 1903(e) of the Act, 42 U.S.C. §§ 1396a(d) and 1396b(e). However, since argument, the Act has been further amended and those two sections repealed. P.L. 92–603, §§ 230, 231 (Oct. 30, 1972), 41 U.S.L.W. 107, 133 (Nov. 14, 1972). Appellants have advised us that they no longer wish to pursue the statutory arguments.

■ If the constitutional question is not substantial, a district court should decline to request a three-judge court and should dismiss. Ex parte Poresky, 290 U.S. 30, 32, 54 S.Ct. 3, 78 L.Ed. 152 (1933). As we indicated in Merced Rosa v. Herrero, 423 F.2d 591 (1st Cir. 1970), determination whether an issue is substantial requires an exercise of legal judgment. We thus rejected the Fifth Circuit's approach of request-unless-no-doubt-at-all, Jackson v. Choate, 404 F.2d 910 (5th Cir. 1968). Since Merced the Second Circuit has taken what might be characterized as an even stronger approach, holding that the district court's judgment of insubstantiality will not be questioned on appeal where after full consideration the court of appeals "unanimously agrees that the attack is without merit." Heaney v. Allen, 425 F.2d 869, 872 (2nd Cir. 1970); See also Miller v. New York Stock Exchange, 425 F.2d 1074 (2nd Cir. 1970), and Johnson v. New York State Education Department, 449 F.2d 871 (2nd Cir. 1971), vacated and remanded on other grounds, 409 U.S. 75, 93 S.Ct. 259, 34 L.Ed.2d 290 (U.S. S.Ct.1972).

■■ We need not here decide whether to adopt the Second Circuit's approach in every case. For here, although the precise issue had never been decided by the Supreme Court, recent decisions of that Court strongly suggested that the issue was foreclosed. In Dandridge v. Williams, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970), the Court held that the standard of equal protection review applicable to welfare classifications was the reasonable relation test common to economic regulation. More directly relevant, in Macias v. Finch, 324 F. Supp. 1252 (N.D.Cal.1970), aff'd without opinion sub nom. Macias v. Richardson, 400 U.S. 913, 91 S.Ct. 180, 27 L.Ed.2d 153 (1970), the Court affirmed a three-judge district court opinion finding the denial of AFDC–U benefits to fully employed, but underpaid, individuals, not unreasonable given Congress' attempts to rectify that problem by other means, namely the minimum wage and labor relations laws. One could thus assume that a similar analysis would apply to AFDC–U itself, given the federal and state approach to the unemployment problem through the unemployment compensation and labor relations laws. Relevant lower court precedents were also adverse—Cheley v. Burson, 324 F.Supp. 678 (N.D.Ga.1971), appeal dismissed sub nom. Cheley v. Parnham for failure to docket within proper time, 404 U.S. 878, 92 S.Ct. 219, 30 L.Ed.2d 159 (1971), also rejecting a claim on behalf of the needy employed, and Henry v. Betit, 323 F.Supp. 418 (D.Alaska 1971), rejecting an attempt to force Alaska to join the AFDC–U program. Understandably the district court did not view the favorable and arguably analogous pre-Dandridge and Macias holding in Anderson v. Burson, 300 F.Supp. 401 (N.D. Ga.1968) as creating a substantial issue. Given the state of the precedents and our unanimous conclusion, after careful consideration, that the appellants' claim is without merit, we will not pause to consider whether the insubstantiality was utterly obvious when the district court faced the issue. See Benoit v. Gardner, 351 F.2d 846 (1st Cir. 1965). Both for the reasons stated by the district court and because of Maine's efforts, roughly contemporaneous with its repeal of its AFDC–U program, to improve the unemployment compensation laws as a remedial tool, Maine P.L. chs. 119, 305, 538 (1971) and Agreement with Secretary of Labor, pursuant to Congressional P.L. 92–224 (January 1972), we find Maine's termination of its AFDC–U program constitutional and thus affirm.

We do not mean to intimate that district courts can avoid their obligation to determine substantiality in close and difficult cases by refusing to convene the statutory court and hoping that, if an appeal is taken, it will be affirmed on the merits. There is the possibility that we will find the question substantial and thus be forced to remand for a three-judge court. Wasted effort can be avoided in close and difficult cases either by convening the statutory three-

judge court, or by the district court's certifying for appeal under 28 U.S.C. § 1292(b) its determination on insubstantiality grounds against reference.

Affirmed.