**Janice ABELE et al.**

v.

**Arnold MARKLE et al.**

**Civ. Nos. 14291 and B–521.**

United States District Court,
D. Connecticut.

April 26, 1973.

See also, 2 Cir., 452 F.2d 1121.

Marilyn P. A. Seichter, Hartford, Conn., Catherine G. Roraback, Ann C. Hill, Co-counsel, New Haven, Conn., Kathryn Emmett, Bridgeport, Conn., Marjorie Gelb, West Hartford Conn., Barbara Milstein, New Haven, Conn., Nancy Stearns, New York City, for plaintiffs.

Daniel Schaefer, Asst. Atty. Gen., George D. Stoughton, Chief Asst. State's Atty., Hartford, Conn., for defendants.

Peter Tyrrell, Waterbury, Conn., and Joseph P. Nucera, Bridgeport, Conn., amicus curiae, for defendants.

Before LUMBARD, Circuit Judge, and CLARIE and NEWMAN, District Judges.

## MEMORANDUM OF DECISION AFTER SUPREME COURT REMAND

PER CURIAM.

On April 18, 1972, this Court declared unconstitutional Connecticut abortion statutes enacted in 1860, Conn.Gen.Stat. §§ 53–29, 53–30, and 53–31, and enjoined their enforcement by the defendants. Abele v. Markle, 342 F.Supp. 800 (D. Conn.1972) (Civ. No. 14,291). Defendants appealed that decision to the Supreme Court. On May 23, 1972, the Connecticut General Assembly enacted a new abortion statute, Public Act No. 1, May 1972 special session, Connecticut General Assembly, Conn.Gen.Stat. §§ 53–30(a), 53–30(b).

On September 20, 1972, this Court declared Public Act No. 1 unconstitutional and enjoined its enforcement by the defendants. Abele v. Markle, 351 F.Supp. 224 (D.Conn.1972) (Civ. No. B–521). Defendants appealed that decision to the Supreme Court.

On January 22, 1973, the Supreme Court decided two cases concerning the constitutionality of abortion statutes of the States of Texas and Georgia. Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L. Ed.2d 147 (1973); Doe v. Bolton, 410 U.S. 179, 93 S.Ct. 739, 35 L.Ed.2d 201 (1973). On February 26, 1973, the Supreme Court vacated the judgment of this Court in Civ. No. B–521 and remanded the case "for further consideration in light of Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973) and Doe v. Bolton, 410 U.S. 179, 93 S.Ct. 739, 35 L.Ed.2d 201 (1973)." Markle v. Abele, 410 U.S. 951, 93 S.Ct. 1417, 35 L. Ed.2d 683 (No. 72–730, Feb. 26, 1973). On the same date the Supreme Court vacated the judgment of this Court in Civ. No. 14,291 and remanded the case "for consideration of the question of mootness." Markle v. Abele, 410 U.S. 951, 93 S.Ct. 1412, 35 L.Ed.2d 683 (No. 72–56, Feb. 26, 1973). The defendants then sought a rehearing of the Supreme Court's February 26 decisions. On April 16, 1973, the Supreme Court denied the defendants' petition for rehearing in both cases, Markle v. Abele, 411 U.S. 940, 93 S.Ct. 1888, 93 S.Ct. 1891, 36 L.Ed.2d 402 (Nos. 72–56 and 72–730, Apr. 16, 1973). On April 18, 1973, this Court received the mandate from the Supreme Court, which restores to this Court jurisdiction to proceed to carry out the instructions contained in the Supreme Court's February 26, 1973 decisions. A hearing was held on April 26, 1973.

### Civ. No. B–521

■ In Roe v. Wade, *supra,* the Supreme Court declared unconstitutional a Texas statute that prohibited all abortions except those "procured or attempted by medical advice for the purpose of saving the life of the mother." Texas Penal Code, Arts. 1191–1194, 1196. The

Connecticut statute challenged in Civ. No. B–521 prohibits all abortions except those "necessary to preserve the physical life of the mother." Public Act No. 1, § 1(c).

Further consideration of this case in light of Roe v. Wade, *supra,* requires the conclusion that Public Act No. 1 is unconstitutional.

To avoid any misunderstanding as to the meaning of our decision and to bring finality to this controversy, the judgment of this Court will declare Public Act No. 1 to be unconstitutional and will enjoin the defendants from enforcing it. This means that Public Act No. 1 is null and void. This litigation is ended.

The Supreme Court has outlined the constitutional limits of state legislative authority concerning the prohibition of abortions. Within these limits, the decision as to whether Connecticut should enact new abortion statutes and if so, what provisions any new statutes should contain are matters for the Connecticut General Assembly. Any new statutes must of course conform to constitutional standards, and the constitutionality of any new statutes can be judicially determined in the normal course. Having ruled on the constitutionality of the statute challenged in this litigation, our task is completed.

The defendants have suggested that we might endeavor to apply the severability provision of Public Act No. 1 and uphold those subsections or those applications of the statute that are consistent with Roe v. Wade, *supra.* While in some situations that approach is warranted, we believe this statute represents a unified approach to the subject of abortion and that judicial efforts to determine what applications of it might be constitutional are not warranted. We therefore deal with the statute in its entirety, leaving to the General Assembly the legislative task of enacting new provisions consistent with the Constitution as interpreted by the Supreme Court.

*Civ. No. 14,291*

■ This case requires consideration of the additional issue of mootness. In Roe v. Wade, *supra,* the Supreme Court ruled that termination of a pregnancy does not render moot a challenge to a restrictive abortion statute. Presumably, the remand of Civ. No. 14,291 to this Court to consider the issue of mootness was therefore occasioned not by any uncertainty as to the status of the plaintiffs, but only by uncertainty as to the status of the 1860 statutes, in view of the 1972 enactment of Public Act No. 1. Public Act No. 1 did not repeal the 1860 statutes. So far as can be determined the May 1972 special session of the Connecticut General Assembly enacted a new abortion statute in addition to, but not in lieu of, the 1860 statutes. Those statutes remain, and plaintiffs' attack upon them is not moot. Without an adjudication of their constitutionality, today's decision in Civ. No. B–521 declaring Public Act No. 1 unconstitutional would leave the 1860 statutes unimpaired.

■ On the merits of the 1860 statutes, their unconstitutionality, like that of Public Act No. 1, is clear in light of Roe v. Wade, *supra.* Plaintiffs are entitled to have the 1860 statutes declared unconstitutional and to have their enforcement enjoined.

Accordingly, it is hereby ordered that in Civil No. B–521 judgment will enter declaring Public Act No. 1, May 1972 special session, Connecticut General Assembly, unconstitutional and enjoining the defendants, their agents, servants, employees, and attorneys, and those persons in active concert and participation with them from enforcing any of the provisions of Public Act No. 1; and it is further ordered that in Civil No. 14,291, judgment will enter declaring Conn.Gen.Stat. §§ 53–29, 53–30, and 53–31 unconstitutional and enjoining the defendants, their agents, servants, employees, and attorneys, and those in active concert and participation with them from enforcing any of the provisions of §§ 53–29, 53–30, and 53–31.