**Jane DOE et al., Plaintiffs, Appellees,**

**v.**

**Richard J. ISRAEL, Attorney General, State of Rhode Island, Defendant, Appellant.**

**Jane DOE et al., Plaintiffs, Appellees,**

**v.**

**Richard J. ISRAEL, Attorney General, State of Rhode Island, Defendant, Appellant,**

**The Constitutional Right to Life Committee, Intervenor, Appellant.**

**Nos. 73–1177, 73–1178.**

United States Court of Appeals, First Circuit.

Heard June 5, 1973.

Decided June 6, 1973.

support thereof for Richard J. Israel, Atty. Gen., State of R. I.

Joseph P. Witherspoon, Austin, Tex., with whom Francis J. Boyle, Newport, R. I., was on motion for stay for The Constitutional Right to Life Committee.

Nancy Stearns, New York City, with whom Janice Goodman, New York City, Richard W. Zacks and Charles H. Edwards, Providence, R. I., were on memorandum in opposition to the stay for plaintiffs, appellees.

## ON MOTION FOR STAY PENDING APPEAL

Before COFFIN, Chief Judge, ALDRICH and CAMPBELL, Circuit Judges.

ALDRICH, Senior Circuit Judge.

Although the question presently before the court is the interlocutory one of whether a declaratory judgment of unconstitutionality of a state statute should be stayed pending defendant's appeal, we find ourselves inevitably faced with an appraisal of the ultimate substantive constitutional question. Plaintiffs Doe and Roe,[1] alleging themselves to be a few weeks pregnant, and desirous of obtaining abortions in their home state of Rhode Island, brought this action in the district court seeking a declaratory judgment to the effect that Rhode Island Gen.Laws §§ 11–3–1; 11–3–2; 11–3–3; 11–3–4; and 11–3–5 (73-S 287 Substitute A), passed by the legislature after the decision in Roe v. Wade (1973), 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147, holding the Texas anti-abortion statute unconstitutional, was similarly unconstitutional. The district court so held, Doe v. Israel, D.R.I., 1973, 358 F.Supp. 1193, and defendant, the Attorney General of the State of Rhode Island, appeals.[2] The district court denied a stay pending appeal. Because we thought fairness to the state required a hearing, we granted a brief

W. Slater Allen, Jr., Asst. Atty. Gen., on motion for stay and memorandum in

1. We disregard Smith, a third plaintiff, who failed to appear.

2. By the term defendant we include, for convenience, intervenor The Constitutional Right To Life Committee.

stay, ex parte, forthwith. The matter has now been heard.

■ The first question is one of jurisdiction. No three-judge court has been sought, no injunction having been asked for. 28 U.S.C. §§ 2281, 2283. On the other hand, the defendant stipulated that the state would recognize and abide by the judgment of the district court. Both parties seek to draw certain conclusions from this. We will assume for present purposes the correctness of defendant's claim that the statutory requirement of a three-judge court was thereby activated, and that the single judge came under the ordinary duty to request such a court.[3] Even this assumption leaves an exception, however, for that duty is not total; no three-judge court need be requested if there is no substantiality to the claim that a state statute on its face is not unconstitutional. Bailey v. Patterson, 1962, 369 U.S. 31, 33, 82 S.Ct. 549, 7 L.Ed.2d 512; see United Low Income, Inc. v. Fisher, 1 Cir., 1972, 470 F.2d 1074.

We may add that in making the assumption that by virtue of his stipulation the defendant converted this case into a three-judge one we are giving defendant an interpretation the validity of which we gravely doubt. It is elementary that defendant was not obliged to stipulate. It is, at best, singular, for a defendant voluntarily to say that he will respect a judge's order, and then to turn around and say that by his agreeing to do this he has deprived the judge of the power to make the order.

■ This discussion is perhaps of no present relevancy, any more than the argued question whether this was properly determined to be, and correctly treated as, a class suit. We mention it only to reach two arguments of immediate importance. First, defendant says that he has a probability of succeeding on the merits because plaintiffs' case is moot

due to the fact that after its commencement plaintiffs voluntarily obtained abortions in New York. The fact that a plaintiff had other available relief does not moot the case, Hathaway v. Worcester City Hospital, 1 Cir., 1973, 475 F.2d 701, and defendant does not so claim. Nor, of course, does defendant dispute the basic Roe rule that the necessarily short duration of a pregnancy does not, in normal circumstances, create mootness when pregnancy ceases. Defendant claims that this lack of mootness is limited to involuntary cessation. We see no reason why, if pregnancy may safely (from a mootness standpoint) terminate before final judgment, it makes any difference how it terminates. In response to questioning defendant essentially suggests only one: that plaintiffs, no longer being pregnant, have no sufficient interest or standing. In the light of Roe, this argument proves too much.

We consider that defendant's claim of mootness is a will-o'-the-wisp and assumes the very question at issue. If a plaintiff has a right to terminate her pregnancy—which is the legal question before us—the sooner she succeeds in doing so, the better. We have in mind the trimester trilogy, on which defendant relies in another connection, and its effect on viability and the pregnant plaintiff's health. See Roe v. Wade, 410 U.S. at 149–150, 93 S.Ct. at 725. It seems not only illogical but, to use a polite word, harsh, to argue that in order to establish her right to an abortion a woman must decline to have it.

We come, then, to defendant's claim that the Rhode Island statute differs sufficiently from the Texas statute constitutionally invalidated in Roe v. Wade to present a justiciable question on appeal. In this, defendant relies principally on the fact that the Rhode Island legislature had made a conclusive finding that life begins with conception. In Roe v. Wade the Court specifically stat-

---

3. In this abbreviated statement we are not passing on the broad and sometimes equitable aspects of declaratory judgments which might arguably trigger 28 U.S.C.

§ 2281. See Kennedy v. Mendoza Martinez, 1963, 372 U.S. 144, 152–155, 83 S.Ct. 554, 9 L.Ed.2d 644; Merced Rosa v. Herrero, 1 Cir., 1970, 423 F.2d 591.

ed that it was irrelevant, in determining the validity of Texas' statute, that Texas adopted the theory that life begins at conception. "[W]e do not agree that, by adopting one theory of life, Texas may overide the rights of the pregnant woman that are at stake." *Id.* at 162, 93 S.Ct. at 731. Defendant nevertheless would argue that the Rhode Island legislature's "conclusive presumption or finding of fact" that life begins at conception requires this court to find that Rhode Island's interest in preventing abortions should be weighed more heavily than the Supreme Court weighed Texas' interest in *Roe* v. *Wade*.

 The Court in *Wade,* and in Doe v. Bolton, 1973, 410 U.S. 179, 93 S.Ct. 739, 35 L.Ed.2d 201, balanced against the woman's interests two state interests, in the mother's health and in potential human life, but concluded in unmistakable terms that the state's interest is in no sense compelling prior to "approximately the end of the first trimester." Roe v. Wade, 401 U.S. at p. 163, 93 S.Ct. at p. 731; *see also id.* at pp. 163–164, 93 S.Ct. at p. 732. Rhode Island can choose to assert or not to assert its interest in fetal life, but it cannot by enacting a legal presumption make its interest any more constitutionally robust and bind the Supreme Court or this court, to accord it more constitutional significance. Looked at in its most favorable light, regardless of the mechanism used by the statute the state's interest has not changed, and is no different from the state interest which the Court has found not to be compelling in Roe v. Wade.

It is true that the Court in *Wade* and *Bolton* did not attempt to decide the point "when human life begins." No reading of the opinions, however, can be thought to empower the Rhode Island legislature to "defin[e] some creature as an unborn child, to be a human being and a person from the moment of its conception." [4] If the Rhode Island statute dealt only with the part of the term of the pregnancy as to which the Court had left open to the state the capacity to create rights and remedies enforceable against the pregnant woman, we might have another question, but in making the statute all-inclusive the legislature entered into areas foreclosed by the Court from state interference.

■ We regard plaintiffs' expectation of prevailing on the merits so clear that we see no purpose in discussing other issues sought to be raised by the defendant.

*The stay entered May 23rd is terminated forthwith, and the motions for a stay pending appeal are denied.*

---

4. Reply brief for Intervenor, p. 15.