**I. I. ROSEN, M.D., Plaintiff,**

v.

**The LOUISIANA STATE BOARD OF MEDICAL EXAMINERS, Defendant.**

**Civ. A. No. 70–1304.**

United States District Court,
E. D. Louisiana.

July 11, 1974.

Blake Jones, Jack Peebles, New Orleans, La., for plaintiff.

Sam A. LeBlanc, III, Lawrence L. McNamara, New Orleans, La., for defendant.

Warren E. Mouledoux, Asst. Atty. Gen., New Orleans, La., for the State of La.

Before AINSWORTH, Circuit Judge, and BOYLE and CASSIBRY, District Judges.

## MEMORANDUM AND ORDER

Isadore I. Rosen, a licensed and practicing Louisiana physician filed a complaint attacking the constitutionality of the abortion section of the Louisiana Medical Practice Act, La.R.S. 37:1285(6) (1964), which authorizes the suspension or revocation of a medical doctor's certificate if the doctor was involved in:

Procuring, aiding or abetting in procuring an abortion unless done for the relief of a woman whose life appears in peril after due consultation with another licensed physician. La.R.S. 37:1285(6) (1964).

The complaint sought both declaratory and injunctive relief.

This three-judge district court was constituted under 28 U.S.C. § 2281 (1948), which provides for such a tribunal whenever the enforcement of a state statute is sought to be enjoined "upon the ground of the unconstitutionality of such statute."

After a hearing on the merits of the case held on June 9, 1970, a majority of this court upheld the constitutionality of the Louisiana statute and denied Doctor Rosen's request for declaratory and injunctive relief.[1] The plaintiff appealed to the United States Supreme Court and that Court vacated the judgment and remanded the case "for further consideration in light of Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973) and Doe v. Bolton, 410 U.S. 179, 93 S.Ct. 739, 35 L.Ed.2d 201 (1973)."[2]

On remand the plaintiff seeks summary judgment alleging that La.R.S. 37:1285(6) (1964) is incompatible with the constitutional limitations imposed by the Roe decision. The defendant counters with a double edge sword. First, it argues that the United States Supreme Court in Roe and Doe did not answer the question of when life begins, and that it intends to answer this question by proving that human life and human personality are a continuum, originating at conception and terminating at death. Therefore the defendant concludes that at the moment of conception a fetus is endowed with a constitutional right to life.[3]

---

1. Rosen v. Louisiana State Board of Medical Examiners, 318 F.Supp. 1217 (E.D.La.1970).

2. 412 U.S. 902, 93 S.Ct. 2285, 36 L.Ed.2d 966 (1973).

3. A similar argument was made by the Attorney General of Missouri that "The Supreme Court did not determine 'whether an unborn child is human life'; that this is a question of fact which can only be determined by triers of the fact after hearing evidence from expert witnesses; that if human life exists from the moment of conception the State has a compelling interest to protect this life; and that summary judgment cannot be granted when such an issue of fact exists." The three-judge district court found that the teachings of Roe v. Wade, supra, completely contradicted this argument, and the United States Supreme Court affirmed their decision. Rodgers v. Danforth, Civil Action No. 18360–2 (W.D.Mo., May 18, 1973), aff'd, 414 U.S. 1035, 94 S.Ct. 534, 38 L.Ed.2d 327 (1973).

In Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973), Texas asserted that human life commences at conception and is present through pregnancy, ergo, the State has a compelling interest in protecting that life from the moment of conception. The United Supreme Court succinctly responded thus:

> We need not resolve the difficult question of when life begins. When those trained in the respective disciplines of medicine, philosophy, and theology are unable to arrive at any concensus, the judiciary, at this point in development of man's knowledge, is not in a position to speculate as to the answer. 410 U.S. 113, 159, 93 S.Ct. 705, 730, 35 L.Ed.2d 147 (1973).

The United States Supreme Court is the final arbiter of constitutional guarantees and having passed on this issue, the Court has foreclosed any reconsideration by us.

Secondly, the defendant argues that *Roe* and *Doe* can be distinguished from the case at bar in that in the former two cases criminal statutes were involved, whereas we have here a civil statute. The designation of a statute as civil or criminal is immaterial when that statute impinges on a constitutionally protected right. Furthermore, in our prior decision we found the civil statute to be *in pari materia* with the criminal statute and read the two laws as one.[4]

Thus construed, the civil statute clearly suffers a constitutional infirmity in light of the rationale of *Roe* and the stipulated invalidity of the Louisiana criminal statute regulating abortions, La.R.S. 14:87 (Supp.1973).[5]

We not only hold that La.R.S. 37:1285(6) (1964) is unconstitutional facially, but that as applied it violates the Fourteenth Amendment to the United States Constitution in that it impermissibly regulates abortion without regard to pregnancy stage, limits abortion to a life-saving procedure without regard to other fundamental rights of the woman, and interferes with the physician's medical judgment respecting his patient. Our decision should not be construed as giving the woman and her doctor an unqualified right to perfect an abortion subsequent to the first trimester; after the initial trimester the State is "free to place increasing restrictions on abortions as the period of pregnancy lengthens, so long as those restrictions are tailored to the recognized state interests".[6]

State legislatures have subsequent to the *Roe* and *Doe* decisions attempted to accord a purely statutory right to fetal life at the expense of abridging a woman's constitutionally protected right. Such legislation has been ruled unconstitutional.[7] A state

---

4. 318 F.Supp. at 1225.

5. Weeks v. Garrison, No. 73–469G (E.D.La., filed February 20, 1973); letter from William J. Guste, Jr., Attorney General of Louisiana to District Attorneys and other law enforcement officials, dated March 12, 1973.

6. Roe v. Wade, 410 U.S. 113, 165, 93 S.Ct. 705, 733, 35 L.Ed.2d 147 (1973).

7. In the first Abele v. Markle, 342 F.Supp. 800 (D.Conn.1972), a three-judge district court, one judge dissenting, found Connecticut's abortion statute unconstitutional. Subsequently, the Connecticut legislature enacted a duplicate abortion statute which declared that it was the intent of the legislature to protect human life from the moment of conception. A second case was brought challenging the constitutionality of the new statute. In Abele v. Markle, 351 F.Supp.

224 (D.Conn.1972), the three-judge district court, one judge dissenting, held the new statute unconstitutional, concluding that the state had no compelling interest in preserving fetal life in view of the widely differing views about the nature of that life. The United States Supreme Court vacated the appeal in the first *Abele* case as moot, 410 U.S. 951, 93 S.Ct. 1412, 35 L.Ed.2d 683 (1973), and vacated and remanded the second *Abele* case "for further consideration in light of Roe v. Wade [supra], and Doe v. Bolton, [supra,]" 410 U.S. 951, 93 S.Ct. 1417, 35 L.Ed.2d 683 (1973). Connecticut petitioned the Supreme Court for a rehearing in the second *Abele* case, arguing that the evidence it had presented demonstrated that a fetus is a human being from the time of conception; a rehearing was denied, 411 U.S. 940, 93 S.Ct. 1891, 36 L.Ed.2d 402 (1973). On remand, the three-judge district

cannot, by legislative fiat, infringe upon an area which has been foreclosed by the United States Supreme Court from state interference.

Plaintiff's Motion for Summary Judgment is GRANTED; all other relief is denied, and it is hereby

Ordered that the Louisiana State Board of Medical Examiners give full credence to this decision that the present civil abortion section of Louisiana's Medical Practice Act, La.R.S. 37:1285(6) (1964) is unconstitutional. Costs taxed to the defendant Louisiana Board of Medical Examiners.

AINSWORTH, Circuit Judge, and BOYLE, District Judge (specially concurring):

This case was first before us in 1970 on the petition of Dr. Rosen, a licensed Louisiana physician who challenged the constitutionality of a provision of the Louisiana Medical Practice Act, La.R.S. § 37:1285(6). That section reads as follows:

> The board may refuse to issue, suspend, or institute proceedings in any court of competent jurisdiction to revoke any certificate [to practice medicine] issued under this Part for any of the following causes:
>
> .    .    .    .    .
>
> (6) Procuring, aiding or abetting in procuring an abortion unless done for the relief of a woman whose life appears in peril after due consultation with another licensed physician;
>
> .    .    .    .

At that time Dr. Rosen was charged by the Louisiana State Board of Medical Examiners with participating in abortion procedures in violation of the Louisiana Medical Practice Act, and notified to attend a hearing in that regard at which he might present an appropriate defense. This suit was then filed by Dr. Rosen for declaratory and injunctive relief to restrain the Louisiana State Board of Medical Examiners from further proceeding against him and more specifically for a judgment declaring La.R.S. § 37:1285(6) of the Louisiana Medical Practice Act unconstitutional.

The special three-judge statutory court was convoked for the purpose of deciding the claim of unconstitutionality of the subsection. We considered the matter in great detail and in a lengthy opinion by a majority of the court (Judge Ainsworth as author of the opinion, Judge Boyle concurring therein, and Judge Cassibry dissenting), we held in the strongest possible terms that La.R.S. § 37:1285(6) of the Louisiana Medical Practice Act was constitutional and denied Dr. Rosen's request for declaratory and injunctive relief.

Dr. Rosen appealed to the Supreme Court of the United States, which at that time had several cases involving the constitutionality of state abortion statutes before it for consideration. Thereafter the Supreme Court handed down its landmark decisions in Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973), and Doe v. Bolton, 410 U.S. 179, 93 S.Ct. 739, 35 L.Ed.2d 201 (1973), in which it made clear that the state anti-abortion statutes under consideration were unconstitutional under the conditions set forth in the opinions. Our judgment in the present matter was vacated and the case was remanded to us for further consideration in light of Roe and Doe, supra.

The Supreme Court's decisions in Roe and Doe, supra, are in fundamental opposition to the majority opinion which we wrote in this case pertaining to the anti-abortion provision of the Louisiana Medical Practice Act when it was first before us. We have no alternative now but to follow the Supreme Court decisions on abortion which are the supreme law of the land.

Surely the defendants must realize that as a lower federal court we are in-

court unanimously declared Connecticut's statute unconstitutional and enjoined its enforcement, Abele v. Markle, 369 F.Supp. 807 (D.Conn., 1973); Doe v. Israel, 482 F.2d 156 (1st Cir. 1973), cert. den. May 13, 1974, 416 U.S. 993, 94 S.Ct. 2406, 40 L.Ed.2d 772.

deed bound by the decisions of our nation's highest court and that we have no alternative but to follow them. The defendants appear to be seeking a new approach to the Supreme Court with a view of reversing that court's decisions in *Roe* and *Doe*. If there is to be a change or reversal of the Supreme Court's decisions on the question of abortion the question must be presented by defendants to that court and not to this three-judge federal district court. The Supreme Court has indicated by later decisions, especially its affirmance of the three-judge court in Danforth v. Rodgers, 414 U.S. 1035, 94 S.Ct. 534, 38 L.Ed.2d 327 (1973), that the issue sought to be injected in the present case by defendants, namely, when does life of an unborn child begin, is foreclosed by the prior holdings in *Roe* and *Doe, supra.*

We have joined the opinion of Judge Cassibry herein which holds La.R.S. § 37:1285(6) unconstitutional because of the clear precedents handed down by the Supreme Court in *Roe* and *Doe* and reaffirmed in Danforth v. Rodgers, *supra.*