**John PANCAKE, Plaintiff,**

v.

**John G. McCARTHY, Stephen R. Jellenik and Edgar Hills, Defendants.**

**No. CV 91–1200.**

United States District Court, E.D. New York.

Nov. 18, 1992.

Elliot Cohen, New York City, for plaintiff.

Robert Abrams, New York State Atty. Gen. by Susan B. Blum, Asst. Atty. Gen., Happauge, N.Y., for defendant McCarthy.

Conway, Farrell, Curtin & Kelly, P.C. by Patrick E. Curtin, New York City, for defendant Jellenik.

Jacobowitz, Spessard, Garfinkel & Lesman by Jonathan Ressler, New York City, for defendant Hills.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

John Pancake ("Pancake" or "plaintiff") instituted this action pursuant to 42 U.S.C. § 1983 and named the Honorable John G. McCarthy, retired justice of the New York state Supreme Court as a defendant. Plaintiff seeks a declaratory judgment that a settlement he entered into in open court before Judge McCarthy was forced upon him by the defendant in violation of the Fourteenth Amendment. Presently before the Court is defendant's motion to dismiss. For the reasons stated below, defendant's motion is granted.

## BACKGROUND

In March of 1989 Pancake was a defendant in a civil suit presided over by Judge McCarthy. Pancake was charged with unlawfully obtaining a mortgage and unlawfully removing funds from a joint bank account. Pancake now claims that Judge McCarthy forced him to settle marital property issues which were not before him. In his complaint, plaintiff alleges that Judge McCarthy coerced him into attending a weekend settlement meeting. Pancake did not agree to enter into a settlement at this meeting.

Plaintiff next alleges that a secret meeting was held at which Judge McCarthy and his then attorney conspired to force him into a settlement. Plaintiff contends that he entered into the settlement only because defendant threatened to rule against him on the mortgage count and "take the jury with him" on the remaining counts. Plaintiff further alleges that if he did not accept the settlement Judge McCarthy threatened to "go across the hall" and speak with another judge who would then find plaintiff guilty in a related criminal matter.

Plaintiff never appealed the "so ordered" settlement and that state proceeding is now concluded. Judge McCarthy is presently retired from the bench.

## DISCUSSION

Federal district courts have no jurisdiction to render declaratory judgments when the underlying questions are moot or otherwise non-justiciable. *Golden v. Zwickler*, 394 U.S. 103, 89 S.Ct. 956, 22 L.Ed.2d 113 (1969). Here, the underlying questions are moot. The settlement has already been entered into and no appeal was taken. Furthermore, Judge McCarthy is no longer on the bench so there is no chance that plaintiff will come into conflict with him again.

**380**

In *Adams v. McIlhany*, 764 F.2d 294 (5th Cir.1985), the court addressed a situation on point and found that no live controversy existed. In *Adams*, the plaintiff sued a state judge under 42 U.S.C. § 1983 after he sentenced her to jail for contempt. In that case, the plaintiff's sons were before the judge on criminal charges. The plaintiff believed that the judge dealt harshly with her sons because they could not afford to bribe him. Plaintiff sent the judge letters to that effect. As a consequence of the letters, the judge sentenced the plaintiff to 30 days in jail for contempt. After she served her time in jail, the plaintiff commenced the § 1983 action. Among other relief, the plaintiff sought a declaratory judgment with respect to the finding of contempt and the jail time. The court of appeals found that the district court did not err in dismissing the claim for declaratory relief. The court stated that:

> [t]he fact that it is most unlikely that Adams will again come into conflict with Judge McIlhany in circumstances similar to the ones presented here, and with the same results, precludes a finding that there was 'sufficient immediacy and reality here to warrant action for declaratory relief.'

*Id.* at 299 (quoting *Golden v. Zwickler*, 394 U.S. 103, 108, 89 S.Ct. 956, 959, 22 L.Ed.2d 113 (1969)).

In the present case, plaintiff does not claim a continuing violation of federal law or any threat of future violations. Thus, a judgment by this Court that defendant unconstitutionally coerced plaintiff into a settlement would be tantamount to an advisory opinion. Clearly, this Court may not render an advisory opinion. *Golden*, 394 U.S. at 108, 89 S.Ct. at 959. Consequently, this Court finds that it has no jurisdiction to enter a declaratory judgment in this case.[1] Accordingly, defendant's mo-

tion to dismiss for lack of subject matter jurisdiction is hereby granted.

SO ORDERED.

---

1. Moreover, even when claims are justiciable, district courts have broad discretion in exercising their jurisdiction over declaratory judgment actions. *American Home Products Corp. v. Liberty Mutual Ins. Co.*, 748 F.2d 760, 766 (2d Cir.1984). Indeed, declaratory judgment actions are exceptions to the general rule that federal courts must exercise the jurisdiction which is conferred upon them. *Bausch & Lomb Inc. v. Alcide Corp.*, 684 F.Supp. 1155, 1159 (W.D.N.Y.1987). Here, even if there was jurisdiction, this Court would be hesitant to exercise it. Principles of comity and federalism suggest that the state court would be the more appropriate forum in which to litigate this claim.