Frederick STRONKO, Un Stronko; and Children, Plaintiffs,

v.

John W. BERGIN; 500 John Doe(s); and 500 Jane Doe(s), Defendants.

No. 88–CV–1245.

United States District Court, N.D. New York.

Feb. 25, 1994.

Frederick Stronko, pro se.

Un Stronko, pro se.

Aniela J. Carl, Office of Atty. Gen., Utica, NY, for defendants.

## MEMORANDUM, DECISION & ORDER

McAVOY, Chief Judge.

## I. BACKGROUND

This case stems from an eviction proceeding against Frederick Stronko and his family which took place in Herkimer County Court on November 28, 1988. Plaintiffs filed this case on November 28, 1988, the same day they failed to appear at the eviction proceeding. The suit claims that Herkimer County Judge John W. Bergin violated the plaintiffs' civil rights in carrying out the eviction. The bulk of this suit has already been dismissed leaving only two causes of action. Although these causes of action are garbled, it appears that plaintiffs are claiming, among other things, that the Judge discriminated against them on the basis of their race and religious beliefs in the eviction proceeding. It appears that plaintiffs also claim they were denied the right to counsel based on religious beliefs or for reasons of race.

Defendants brought a motion to dismiss the suit which was heard on April 10, 1989. A subsequent order dated May 22, 1989 dismissed the suit except for the first and fourth

causes of action described above. The first and fourth causes of action seek declaratory relief against Judge John Bergin who is now retired. The court ruled that the defendant had not made a sufficient showing that the first and fourth causes of action should be dismissed under Rule 12(b)(6), but denied dismissal of these claims without prejudice allowing the defendant to refile the dismissal motion with proper support.

## II. DISCUSSION

Although the defendant moves for summary judgment under Fed.R.Civ.P. 56, it is clear from the legal and factual arguments presented that defendant is actually moving for dismissal of the first and fourth causes of action pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6). The court previously denied the defendant's Rule 12(b)(6) motion on these causes of action but did so without prejudice so the defendant is free at this time to renew the motion for dismissal. The court will therefore treat this as a motion for dismissal rather than summary judgment.

### A. Standard for Dismissal Under Rule 12(b)(1)

District courts have the power to grant declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq. Under that Act, district courts may grant declaratory relief only "in a case of actual controversy within its jurisdiction." 28 U.S.C. § 2201. In determining whether a controversy exists, the court must examine whether "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Golden v. Zwickler,* 394 U.S. 103, 106–08, 89 S.Ct. 956, 959–60, 22 L.Ed.2d 113 (1969) *quoting Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 272, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941). However, a district court has no subject matter jurisdiction to grant declaratory relief when the underlying issue has become moot. *Pancake v. McCarthy,* 806 F.Supp. 378, 379 (E.D.N.Y.1992). Mootness must be judged at the present moment and

not at the time the complaint was filed. *Merced Rosa v. Herrero,* 423 F.2d 591, 593 (1st Cir.1970).

In this case, defendant moves for dismissal of the claims for declaratory relief based on the fact that the Judge who conducted the eviction proceedings against the plaintiffs has since retired from the bench. Judge Bergin signed the judgment of eviction and filed it with the Herkimer County Clerks' Office on December 9, 1988. On December 12, 1988 the Judge signed a warrant of eviction which was executed on February 2, 1989. Plaintiffs began an appeal and sought a temporary restraining order, but after the motion for a temporary restraining order was denied by the Appellate Division, plaintiffs abandoned their appeal. The appeal has been dismissed by the Fourth Department Appellate Division, the judgment of eviction is final, and all proceedings regarding the eviction have been terminated. Judge Bergin retired on May 13, 1991 and is no longer a Judge for the Herkimer County Court or any other court.

A similar case was presented in *Pancake v. McCarthy, supra,* where plaintiff sued for declaratory relief for a breach of 42 U.S.C. § 1983 claiming that a state court judge had unconstitutionally coerced him into accepting a settlement. The court found the questions underlying the request for declaratory relief to be moot because the settlement had been entered and the judge in question had retired. The court therefore found that there was no chance of the plaintiff coming into conflict with the judge again. *Pancake* at 379.

In this case, because the eviction proceeding is final and Judge Bergin has retired there is no plausible way that the plaintiffs will come into conflict with the Judge in any future court proceedings. This precludes a finding that there is "sufficient immediacy and reality here to warrant an action for declaratory relief." *Adams v. McIlhany,* 764 F.2d 294, 299 (5th Cir.1985) *quoting Golden, supra,* 394 U.S. at 106–08, 89 S.Ct. at 959–60. Thus, the questions underlying the request for declaratory judgment are moot and the first and fourth causes of action must be dismissed pursuant to Fed.R.Civ.P. 12(b)(1).

Accordingly, there is no reason for the court to address the defendant's Rule 12(b)(6) motion and the plaintiffs' case is dismissed with prejudice in its entirety.

**IT IS SO ORDERED.**